[Cite as *Adams v. Rakestraw*, 2026-Ohio-2494.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Bret Adams,                                       :

      Plaintiff-Appellant/               :
      Cross-Appellee,                        No. 24AP-684
                                                  :     (C.P.C. No. 23CV-8386)
v.
                                                  :     (REGULAR CALENDAR)
David Alan Rakestraw et al.,
                                                  :
      Defendants-Appellees/
      Cross-Appellants.              :

---

D E C I S I O N

Rendered on June 30, 2026

---

**On brief:** *Law Offices of James P. Connors*, and *James P. Connors*, for plaintiff-appellant/cross-appellee. **Argued:** *James P. Connors*.

**On brief:** *The Law Office of Brian Stewart, LLC*, and *Brian S. Stewart*, for defendants-appellees/cross-appellants and pro se. **Argued:** *Brian S. Stewart*.

---

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiff-appellant/cross-appellee, Bret Adams ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas sua sponte dismissing the underlying action pursuant to the jurisdictional priority rule. Defendants-appellees/cross-appellants, David Alan Rakestraw, Troon Management, Ltd., and Brian S. Stewart, have filed a cross-appeal from that judgment.

## I. Facts and Procedural History

{¶ 2} On December 19, 2022, appellant filed a complaint in the Union County Court of Common Pleas, naming as defendants David Alan Rakestraw, Troon Management Ltd., and Brian S. Stewart (collectively "appellees") and alleging appellees had engaged in "fraudulent and other deceptive misconduct in pending legal actions and proceedings in Pickaway, Union, and Franklin Counties which involve or concern plaintiff Bret Adams." (Union Cty. Compl. at ¶ 1.)

{¶ 3} The complaint alleged that on December 4, 2019, Vincent Rakestraw, the father of David Rakestraw, testified "under oath at a deposition" that he was the "sole owner and only member" of Troon Management, Ltd. (individually "Troon"). (Union Cty. Compl. at ¶ 4.) It was alleged that, at all times material to the events at issue, David Rakestraw (individually "appellee Rakestraw") and Brian Stewart (individually "appellee Stewart") were aware that Vincent Rakestraw was the sole owner and that his "status as Troon's sole member and owner did not change from December 4, 2019, until his death on March 19, 2022." (Union Cty. Compl. at ¶ 4.) It was further alleged that, following the death of Vincent Rakestraw, appellee Rakestraw fraudulently transferred assets, including decedent's LLC interests and property, to himself or others "to avoid potential judgments against them by Mr. Adams and to discourage him from pursuing claims against Vincent Rakestraw after his death." (Union Cty. Compl. at ¶ 75.)

{¶ 4} The complaint alleged appellees misrepresented, both through filings and in-court testimony in Pickaway and Union Counties, that appellee Rakestraw was a member of Troon under an operating agreement executed by Vincent Rakestraw on December 12, 2018, and that appellees "misled and deceived both the courts and Mr. Adams by arguing that he was a member to obtain unlawful advantages in both courts and cases." (Union Cty. Compl. at ¶ 68.)

{¶ 5} The complaint additionally alleged appellee Rakestraw filed a counterclaim against appellant "for abuse of process" in Union County Court of Common Pleas on August 25, 2020, and "[w]ithin the counterclaim he falsely alleged and represented himself as a member of Troon," and he later "falsely testified" in Union County Court of Common Pleas that "he became a member in Troon on December 12, 2018." (Union Cty. Compl. at ¶ 34-35.)

{¶ 6} According to the complaint, the Union County Court of Common Pleas issued an entry on July 28, 2021, quashing a subpoena and ordering certain materials to remain under seal "as directly confirmed by the Court in conference with the parties and their counsel on August 27, 2021." (Union Cty. Compl. at ¶ 45.) It was alleged appellees violated those court orders by filing, on September 3, 2021, an amended memorandum contra appellant's motion for summary judgment that referred to and attached the quashed materials and published them on the court's public docket. The complaint asserted causes of action for fraud and/or negligent misrepresentation, frivolous conduct, fraudulent conveyance of assets, civil conspiracy, negligence, and declaratory/injunctive relief.

{¶ 7} On February 7, 2023, appellees filed a motion for change of venue. On February 22, 2023, appellant filed a memorandum contra appellees' motion to change venue. Appellees filed a reply in support of their motion on March 3, 2023.

{¶ 8} On June 1, 2023, the Union County Court of Common Pleas filed a decision and entry granting appellees' motion for change of venue. The court's entry directed the clerk of courts to transfer the case to Franklin County for further proceedings. On July 3, 2023, appellant filed a notice of appeal with the Third District Court of Appeals from the decision of the trial court granting appellees' motion for change of venue. On July 20, 2023, the Third District Court of Appeals dismissed the appeal for lack of a final appealable order.

{¶ 9} By journal entry filed on August 15, 2023, the Franklin County Court of Common Pleas ordered the matter remanded to the Union County Court of Common Pleas. The court's entry indicated that filing fees had not been paid by appellee Stewart.

{¶ 10} On September 1, 2023, Troon and appellee Rakestraw filed an answer and counterclaim in the Union County Court of Common Pleas. The counterclaim requested an order by the court to declare appellant a vexatious litigator (Count 1) and set forth causes of action for violation of Ohio's frivolous conduct statute (Count 2) and for abuse of process (Count 3). On September 5, 2023, appellee Stewart filed an answer and counterclaim; appellee Stewart's counterclaim similarly requested an order by the court to declare appellant a vexatious litigator under R.C. 2323.52 and asserted causes of action for violation of Ohio's frivolous conduct statute and for abuse of process.

{¶ 11} By entry filed on October 23, 2023, the Union County Court of Common Pleas transferred the matter to the Franklin County Court of Common Pleas. In its decision, the

Union County Court of Common Pleas noted that its prior order transferring the matter to Franklin County was remanded due to the failure of appellee Stewart to pay the filing fee. The court further noted the address listed for appellee Stewart on the journal entry of remand "is not any address contained within the case file nor was it the address at which service was perfected." (Oct. 23, 2023 Union Cty. Decision & Entry at 1.) The court held that, "[g]iven this matter was remanded based upon a technical issue, the Court finds that venue is more appropriate in Franklin County as set forth in this Court's prior Decision and Entry Granting Defendants' Motion for Change of Venue." (Oct. 23, 2023 Union Cty. Decision & Entry at 1-2.)

{¶ 12} On November 27, 2023, appellant's complaint (previously filed in Union County Court of Common Pleas) was filed in the Franklin County Court of Common Pleas. On December 18, 2023, appellees filed answers and counterclaims (asserting the same causes of action previously raised in the Union County Court of Common Pleas).

{¶ 13} On February 20, 2024, appellees Rakestraw and Troon filed a motion for summary judgment against appellant. On that same date, appellee Stewart filed a motion for summary judgment on the claims of appellant. Appellant opposed both motions.

{¶ 14} On March 20, 2024, appellant filed a motion to dismiss appellees' counterclaims, and appellees subsequently filed a memorandum contra the motion to dismiss. By entry filed on June 25, 2024, the Franklin County Court of Common Pleas denied appellant's motion to dismiss appellees' counterclaims.

{¶ 15} By entry filed October 17, 2024, the Franklin County Court of Common Pleas sua sponte dismissed the action pursuant to the jurisdictional priority rule. In its decision, the court held in part: "The issues raised in this case are pending in the Union County Court of Common Pleas, as the trial court's decision on these matters is currently under review by the Third District Court of Appeals. Furthermore . . . if this Court were to address the issues raised in this case it may affect and interfere with the resolution of those issues before the Union County court." (Oct. 17, 2024 Franklin Cty. Decision & Entry at 11.)

## II. Assignments of Error

{¶ 16} Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The trial court erred by granting appellees' motion to change venue.

[II.] The trial court erred by *sua sponte* dismissing this action pursuant to the jurisdictional priority rule.

{¶ 17} On cross-appeal, appellees raise the following sole assignment of error for review:

The Trial Court erred by dismissing Defendants' pending counterclaims for declaratory judgment to have Bret Adams declared to be a vexatious litigator, frivolous conduct, and abuse of process, which survive independently of the claims of Plaintiff.

## III. Discussion

{¶ 18} Under his first assignment of error, appellant asserts the Union County Court of Common Pleas erred in granting appellees' motion to change venue. Appellant argues that venue was proper in Union County under Civ.R. 3(C)(3) and (6), and therefore the Union County Court of Common Pleas was not free to change venue once the action was properly venued in that county.

{¶ 19} In general, change of venue in a civil action is governed by Civ.R. 3, and "[t]he decision whether to change venue is within the trial court's sound discretion." *Burns v. Prudential Securities, Inc.*, 2006-Ohio-3550, ¶ 67 (3d Dist.), citing *State ex rel. Dunbar v. Ham*, 45 Ohio St.2d 112, 114 (1976). *See also Speigel v. Ianni*, 2023-Ohio-3809, ¶ 39 (1st Dist.) ("We review an order granting a motion to transfer venue for an abuse of discretion.").

{¶ 20} Civ.R. 3(C) states in part as follows:

Any action may be venued, commenced, and decided in any court in any county. . . . Proper venue lies in any one or more of the following counties:

(1) The county in which the defendant resides;

(2) The county in which the defendant has his or her principal place of business;

(3) A county in which the defendant conducted activity that gave rise to the claim for relief;

. . .

(6) The county in which all or part of the claim for relief arose;

. . .

{¶ 21} The Supreme Court of Ohio has held the above "provisions 'are on equal status, and any court specified therein may be a proper and initial place of venue.' " *LaBounty v. Big 3 Automotive*, 2019-Ohio-1919, ¶ 29 (6th Dist.), quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 89 (1972). Further, a plaintiff "may choose where to bring the action if any of the counties specified in Civ.R. 3(C)(1) through (11) are a proper forum under the facts of the case." *Id. See also Soloman v. Excel Marketing*, 114 Ohio App.3d 20, 25 (2d Dist. 1996) ("Venue is proper where the plaintiff chooses a court located in any county described in the first nine provisions of Civ.R. 3(B) [now Civ.R. 3(C)]."); *Lorenz Equip. Co. v. Ultra Builders, Inc.*, 1993 Ohio App. LEXIS 1183, *5 (10th Dist. Feb. 23, 1993) ("The plaintiff elects which county in which to bring his action if venue is proper in more than one county.").

{¶ 22} Pursuant to Civ.R. 3(D)(1), "a change of venue may be granted where an action has been commenced in an improper venue." *Speigel*, 2023-Ohio-3809, at ¶ 41 (1st Dist.). *See also Railroad Ventures v. Drake*, 138 Ohio App.3d 315, 325 (7th Dist. 2000) (Civ.R. 3 "allows a trial court to transfer a case to another county if the case is not commenced in a county with proper venue."). Civ.R. 3(D)(1) states: "When an action has been commenced in a county other than stated to be proper in division (C) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (C) of this rule." Upon motion by a party, "the moving party has the burden of showing that a change of venue is necessary and proper." *Burns*, 2006-Ohio-3550, at ¶ 68 (3d Dist.).

{¶ 23} Civ.R. 3(D)(4) "governs the intrastate transfer of a civil action." *Bruce v. Bruce*, 2012-Ohio-45, ¶ 14 (3d Dist.), citing former Civ.R. 3(C)(4) (now renumbered as Civ.R. 3(D)(4)). Civ.R. 3(D)(4) states: "Upon motion of any party or upon its own motion the court may transfer any action to an adjoining county within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending."

{¶ 24} While the Supreme Court of Ohio has "recognized that forum non conveniens applies to cases in which the more convenient forum is another state or another country," the Supreme Court has "rejected its application . . . to intrastate transfers from one county

to another county." *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 2005-Ohio-4103, ¶ 15, citing *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 132 (1988); *State ex rel. Lyons v. Zaleski*, 1996-Ohio-267, ¶ 7. *See also State ex rel. Yeaples v. Gall*, 2014-Ohio-4724, ¶ 30 ("Ohio does not recognize the applicability of forum non conveniens as a basis for intrastate transfers of venue."). The Supreme Court has explained that "*transfer* of a case from one proper venue to another proper venue *within* the state for means of convenience is unnecessary in a geographically small state such as Ohio, and that any inconvenience to witnesses in such a situation could be remedied by the use of depositions." (Emphasis in original.) *Chambers* at 131.

{¶ 25} Accordingly, "[u]nder the Ohio Rules of Civil Procedure, the only basis for a transfer of venue from a county where the venue is proper is when the transfer is necessary to obtain a fair trial." *State ex rel. Starner v. DeHoff*, 18 Ohio St.3d 163, 165 (1985). *See also Zaleski* at ¶ 7, quoting former Civ.R. 3(C)(4) (now Civ.R. D(4)) and *Chambers* at 132 (Civ.R. 3 "limits intrastate transfers to transfers to 'an adjoining county . . . "when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending." ' "); *Shugarts v. Ernst Ents., Inc.*, 1987 Ohio App. LEXIS 8749, *5 (2d Dist. Sept. 17, 1987) ("Unless a defendant can show that he cannot get a fair trial in the venue selected by the plaintiff, a plaintiff's choice of forum must stand as long as the forum he has selected is proper under Civ.R. 3."). Thus, "[i]f venue is proper, a trial court must accept venue." *State ex rel. Yeaples*, 2014-Ohio-4724, at ¶ 30.

{¶ 26} As indicated, appellant argues the Union County Court of Common Pleas acknowledged venue was proper in Athens, Pickaway, Franklin, and Union Counties. Appellant maintains, therefore, because venue was proper in Union County, i.e., where the action was initiated, the court erred in granting appellees' motion to change venue and in transferring the action to Franklin County.

{¶ 27} As set forth under the facts, appellees filed a motion to change venue in the Union County Court of Common Pleas on February 7, 2023. In their motion, appellees argued in part that, "[a]pplying the doctrine of forum non conveniens, the bulk of the litigants, and the bulk of the alleged conduct underpinning Plaintiff's Complaint, all occurred outside Union County." (Mot. for Change of Venue at 6.)

{¶ 28} On February 22, 2023, appellant filed a memorandum contra appellees' motion for change of venue, asserting that venue in Union County was proper under Civ.R. 3(C)(3) and (6). Specifically, appellant argued that, as alleged in his complaint, appellee Rakestraw and appellee Stewart filed a counterclaim in Union County against appellant falsely representing appellee Rakestraw to be a member of Troon, that appellee Rakestraw later falsely testified in Union County court proceedings in support of his counterclaim, and appellee Rakestraw and appellee Stewart engaged in misconduct and disobedience of orders by the Union County Court of Common Pleas "which resulted in [appellees] filing confidential and defamatory material about [appellant] on this Court's public docket on September 3, 2021, which remains there today." (Memo Contra Defs.' Mot. for Change of Venue at 15.) Appellant thus asserted "Union County is where the defendants collectively and individually committed many instances of misconduct, deception, and fraud upon the Court and [appellant] on which several claims are based . . . [and] is also the county in which they conducted activity giving rise to multiple claims for relief." (Memo Contra Defs.' Mot. for Change of Venue at 18.)

{¶ 29} In its decision granting appellees' motion for change of venue, the Union County Court of Common Pleas held in part:

> The Court is required to review Defendants' Motion pursuant to Ohio Civil Rule 3. . . .
>
> However, the Court will first consider where Defendants reside since the Court has discretion to evaluate the merits of the Motion. . . . At [the] time this action was filed, Defendant David Rakestraw was a resident of Franklin County (Defendant now resides in Athens County), Defendant Troon Management Ltd. is in Franklin County and Defendant Brian Stewart is a resident of Pickaway County. . . .
>
> It is apparent to this Court that a more appropriate and convenient venue for this action is Franklin County and not Union County. The fact that Defendants have another action pending in Union County does not meet the requirements under Ohio Civil Rule 3(C)(3) to make it the proper venue for a new action. . . .

(June 1, 2023 Union Cty. Decision & Entry at 1-2.)

{¶ 30} Here, the trial court's entry reflects a primary focus on "where Defendants reside," treating Franklin County as a "more . . . convenient venue" than Union County. Although the Union County Court of Common Pleas briefly referenced Civ.R. 3(C)(3) in relation to the fact "Defendants have another action pending in Union County," it did not address whether the activity alleged to have occurred in Union County independently established venue under that provision. The Union County trial court also failed to address Civ.R. 3(C)(6), which separately authorizes venue in "[t]he county in which all or part of the claim for relief arose."

{¶ 31} Appellant's complaint, however, asserts that a substantial portion of the alleged misconduct by appellees occurred in Union County, giving rise to multiple causes of action. Specifically, the complaint alleged appellee Rakestraw filed a counterclaim against appellant for abuse of process in the Union County Court of Common Pleas on August 25, 2020, and that "[w]ithin the counterclaim he falsely alleged and represented himself as a member of Troon." (Union Cty. Compl. at ¶ 34.) It was further alleged that appellee Rakestraw "falsely testified on September 7, 2022, in Union County Common Pleas Court that he became a member in Troon on December 12, 2018[.]" (Union Cty. Compl. at ¶ 35.)

{¶ 32} The complaint additionally alleged appellees violated a court order of the Union County Court of Common Pleas based on that court's July 28, 2021 judgment entry "which quashed a subpoena and ordered that confidential materials from [certain] third parties . . . remain under seal and not be used or published by [appellee] Rakestraw." (Emphasis omitted.) (Union Cty. Compl. at ¶ 46.) According to the complaint, appellees "flagrantly violated these Court Orders by filing an 'Amended Memorandum Contra Plaintiff's Motion for Summary Judgment' on September 3, 2021." (Union Cty. Compl. at ¶ 47.) It was alleged that appellee Rakestraw not only referenced the quashed materials, but that he and appellee Stewart "have filed and published them in the court record instead of keeping them under seal." (Emphasis omitted.) (Union Cty. Compl. at ¶ 48.)

{¶ 33} Thus, appellant's complaint described detailed allegations of events and alleged conduct by appellees that occurred within Union County (i.e., filing false pleadings, testifying falsely under oath, violating express court orders), and which formed the basis for various claims for relief including fraud, fraudulent misrepresentation, frivolous

conduct, and civil conspiracy. Appellant's complaint also sought declaratory and injunctive relief, including "preventing and prohibiting the defendants from, among other things, continuing to defame [appellant] and publish defamatory and confidential materials about him . . . and further ordering the removal of all defamatory and prohibited materials from the [Union County] court docket[.]" (Union Cty. Compl. at ¶ 93.)

{¶ 34} As indicated, the Union County Court of Common Pleas based its venue analysis primarily on the defendants' county of residence, concluding that Franklin County constituted "a more appropriate and convenient venue" for the action. As addressed above, however, the Supreme Court has "rejected" the application of the doctrine of forum non conveniens "to intrastate transfers from one county to another county." *State ex rel. Smith*, 2005-Ohio-4103, at ¶ 15. As also addressed, a plaintiff "may choose where to bring the action if any of the counties specified in Civ.R. 3(C)(1) through (11) are a proper forum under the facts of the case," *LaBounty*, 2019-Ohio-1919, at ¶ 29 (6th Dist.), and these provisions "have equal status, and a plaintiff may choose among them with unfettered discretion." *Solomon*, 114 Ohio App.3d at 25, citing *Morrison*, 32 Ohio St.2d at 89. Thus, to the extent the trial court's venue ruling rested on forum non conveniens considerations (i.e., the convenience of Franklin County as the defendants' residence or place of business), its analysis, under the facts and circumstances of the case, conflicts with established Supreme Court precedent.

{¶ 35} Further, while the Union County Court of Common Pleas briefly referenced the provisions of Civ.R. 3(C)(3), the allegations in the complaint, as outlined above, aver extensive conduct by appellees in Union County, i.e., more than just the fact "[d]efendants have another action pending in Union County." (June 1, 2023 Union Cty. Decision & Entry at 2.) Moreover, those allegations form the basis for multiple causes of action (as well as for requested injunctive relief).

{¶ 36} We observe that, although appellees' motion to change venue argued for "[a]pplying the doctrine of forum non conveniens," appellees did not assert that transfer from Union County was necessary to obtain a fair trial. However, as applicable to intrastate transfers, the court in *Chambers* made clear that Civ.R. 3(C) "provides for a *transfer* of a properly venued action . . . to an adjoining county in Ohio . . . only 'when it appears that a

fair and impartial trial cannot be had in the county in which the suit is pending.' " (Emphasis in original.) *Chambers*, 35 Ohio St.3d at 132.

{¶ 37} On appeal, appellees argue similarly, as they did in their motion to change venue, that "the Ohio Supreme Court has made clear that the doctrine of forum non conveniens . . . is the law of the land in Ohio," and they cite in support of that proposition the Supreme Court's decision in *Chambers*. (Mar. 31, 2025 Appellees' Brief at 12.) As previously discussed, however, the Supreme Court has drawn a firm distinction between application of that doctrine to intrastate or international forums as opposed to intrastate transfers. *See State ex rel. Smith*, 2005-Ohio-4103, at ¶ 15 (citing *Chambers* in recognizing the Supreme Court's rejection of application of forum non conveniens "to intrastate transfers").

{¶ 38} Appellees further argue that appellee Stewart, as an attorney, is entitled to absolute immunity under the doctrine of litigation privilege. While such argument implicates a defense to liability and speaks to the merits of the underlying claims, it does not address the threshold issue of which court constitutes an appropriate venue to adjudicate the respective claims, counterclaims, or defenses. Thus, even if a successful litigation privilege defense might ultimately warrant dismissal of one or more claims, the assertion of such a potential defense does not resolve or inform whether the Union County Court of Common Pleas correctly granted appellees' motion to change venue.

{¶ 39} Upon review of the complaint, which alleges that Union County is a county in which appellees conducted activity giving rise to appellant's claim for relief, and where at least part of the claim for relief arose, we find the complaint alleged sufficient facts to establish Union County as a proper venue for the action under Civ.R. 3(C). We express no opinion on the ultimate merits of appellant's claims or any potential defenses thereto. We conclude, however, that the Union County Court of Common Pleas erred in granting appellees' motion to change venue and in ordering the action transferred to Franklin County.

{¶ 40} Accordingly, appellant's first assignment of error is well-taken and is sustained. We therefore (1) reverse the judgment of the Union County Court of Common Pleas granting appellees' motion to change venue; (2) vacate the judgment of the Franklin County Court of Common Pleas sua sponte dismissing this action based on application of

the jurisdictional priority rule; and (3) remand this matter to the Union County Court of Common Pleas for further proceedings.

{¶ 41} Under the second assignment of error, appellant challenges the entry of the Franklin County Court of Common Pleas sua sponte dismissing the action pursuant to the jurisdictional priority rule. However, in light of our disposition of the first assignment of error, vacating that entry of the Franklin County Court of Common Pleas, and reversing the judgment of the Union County Court of Common Pleas and remanding the action to that court's jurisdiction, this assignment of error is rendered moot. Similarly, appellees' sole assignment of error on cross-appeal, asserting the Franklin County Court of Common Pleas erred in dismissing their counterclaims (which dismissal was likewise predicated on that court's application of the jurisdictional priority rule), is also rendered moot by that same disposition of appellant's first assignment of error.

## IV. Conclusion

{¶ 42} Based upon the foregoing, appellant's first assignment of error is sustained, appellant's second assignment of error is rendered moot, appellees' sole assignment of error on cross-appeal is rendered moot, the judgment of the Franklin County Court of Common Pleas is vacated, the judgment of the Union County Court of Common Pleas is reversed, and this matter is remanded to the Union County Court of Common Pleas for further proceedings in accordance with law and consistent with this decision.

*Judgment of Franklin County Court of Common Pleas vacated;*
*judgment of Union County Court of Common Pleas reversed;*
*cause remanded.*

MENTEL and DINGUS, JJ., concur.